IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

FILED
JUN 12 2013
Clerk, U.S District Court
District Of Montana
Missoula

| | |
|---|---|
| EDWIN R. JONAS III,<br><br>Plaintiff,<br><br>vs.<br><br>LAKE COUNTY LEADER, EMILIE RICHARDSON, and BRYCE GRAY,<br><br>Defendants. | CV 13–30–M–DLC-JCL<br><br>ORDER |

Plaintiff Edwin R. Jonas brings this action against a newspaper, its editor, and one of its reporters for allegedly publishing three defamatory articles about him during his campaign for election as Lake County Justice of the Peace. The newspaper, Defendant Lake County Leader, its editor, Defendant Bryce Gary, and its reporter, Defendant Emilie Richardson (collectively "Defendants"), moved for dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. United States Magistrate Judge Jeremiah C. Lynch issued findings and recommendations granting Defendants motion in part and denying it in part. Plaintiff and Defendants timely filed objections and are therefore entitled to de novo review of the specified findings and

1

recommendations to which they object. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, this Court adopts Judge Lynch's findings and recommendations in full. The parties are familiar with the factual and procedural background of this case so it will not be repeated here.

**I.       Plaintiff's Objections to Judge Lynch's Findings and Recommendations**

First, Plaintiff objects to Judge Lynch analyzing each of the three articles separately and argues they should be viewed as one, serial pattern of libelous conduct. However, Plaintiff fails to cite any relevant authority to support this objection and, as such, this Court will view these articles as three separate alleged acts of libel.

Next, Plaintiff argues that because Judge Lynch considered the three newspaper articles in ruling on the 12(b)(6) motion, he should have also taken judicial notice of the entire record when making his findings and recommendations. Specifically, Plaintiff argues, the record should have included Plaintiff's prior motions before the Lake County District Court showing the underlying lawsuit between Plaintiff and his ex-wife was disputed. However, this Court does not need to rely on materials outside of the record because all

Plaintiff's allegations are taken as true for purposes of a 12(b)(6) motion to dismiss. Plaintiff alleged that the underlying lawsuit was disputed, obviating the need to consider these extra-record materials.

Plaintiff's third and fourth objections are indistinguishable and will be reviewed as one objection. Plaintiff argues Judge Lynch, when finding the October 4th articles were not defamatory, improperly converted a 12(b)(6) motion to dismiss into a motion for summary judgment by making an impermissible finding of fact. Specifically, Plaintiff objects to Judge Lynch's findings and recommendations that the October 4th headline, when read in the context of the entire article, did not suggest to the average reader that the Plaintiff had been accused of a crime. Plaintiff argues that Judge Lynch made an impermissible finding of fact by assuming that an average reader would actually read the entire article and not just the headline. Plaintiff states that fact finding is a function of the jury and Judge Lynch erred by going "beyond the scope of review on a Rule 12(b)(6) motion." (Doc. 36 at 15.)

However, Plaintiff fails to recognize that a Rule 12(b)(6) motion allows dismissal of a claim when it asserts a legal theory that is not cognizable as a matter of law, or if it fails to allege sufficient facts to support an otherwise cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of California, Inc.*, 88

F.3d 780, 7783 (9th Cir. 1996). Here, Judge Lynch found that the October 4th articles were "not reasonably capable of defamatory meaning" and did "not provide a basis for an actionable claim." (Doc. 26 at 10.) This Court agrees. In evaluating a motion to dismiss, this Court must determine, as a threshold question, whether the statements are capable of bearing a defamatory meaning. *Knievel v. ESPN*, 393 F.3d 1068, 1073 (9th Cir. 2005). In determining "whether a statement is reasonably capable of sustaining a defamatory meaning," this Court must interpret the "statement from the standpoint of the average reader, judging the statement not in isolation, but within the context in which it is made." *Id.* at 1074. Reading the October 4th articles in context, this Court agrees with Judge Lynch's findings and recommendations that the articles are devoid of any defamatory meaning and lack an actionable claim.

Finally, Plaintiff objects to what he calls "improper dicta" by Judge Lynch in his findings and recommendations and argues the offending passages should be struck from the record. (Doc. 36 at 16-17.) However, Plaintiff does not provide any authority to support his objection and, as a result, this Court declines to strike any part of Judge Lynch's findings and recommendations.

## II. Defendants' Objection to Judge Lynch's Findings and Recommendations

Defendants only objection is to Judge Lynch's reasoning that the September 24, 2012 newspaper article could be understood by the average reader as accusing Plaintiff of committing a crime. Defendants ask this Court "to reject the Magistrates' [sic] determination that the words used in the September 27th article were defamatory, *per se*." (Doc. 30 at 3.) However, Judge Lynch never found the September 27th article to be defamatory *per se*, only that the article "was reasonably capable of bearing a defamatory meaning." (Doc. 26 at 12.) Judge Lynch is only required to find that the articles were capable of bearing a defamatory meaning, not that they were defamatory *per se*. *Knievel*, 393 F.3d at 1073-1074 (citation omitted). Defendants are holding Judge Lynch to a higher standard than is legally required and, thus, his findings and recommendations that the September 24th article was capable of bearing a defamatory meaning will be affirmed.

There being no clear error in Judge Lynch's remaining findings and recommendations,

IT IS HEREBY ORDERED:

1. Judge Lynch's Findings and Recommendations (docs. 26 and 39) are ADOPTED IN FULL.

2.      Defendants' Motions to Dismiss (docs. 12, 22, and 33) are GRANTED IN PART and DENIED IN PART.

DATED this 12th day of June, 2013.

/s/ Dana L. Christensen
Dana L. Christensen, Chief Judge
United States District Court